Filed 11/18/14  P. v. Peralta CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DANIEL PERALTA,<br><br>    Defendant and Appellant. | D065545<br><br><br>(Super. Ct. No. SCN319709) |


APPEAL from a judgment of the Superior Court of San Diego County, Richard R. Monroy, Judge.  Affirmed.

Charles R. Khoury, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

I.

INTRODUCTION

Daniel Peralta pled guilty to one count of burglary (Pen. Code, § 459)[1] and admitted that the residence he burglarized was an inhabited dwelling house (§ 460). In addition, Peralta admitted that another person, other than an accomplice, was present in the residence during the commission of the burglary (§ 667.5, subd. (c)(21)). Prior to sentencing, Peralta filed a motion to withdraw his guilty plea. After a hearing, the court denied the motion to withdraw and sentenced Peralta to a stipulated sentence of two years in prison.

Appointed appellate counsel filed a brief presenting no argument for reversal, but inviting this court to review the record for error in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Peralta filed a supplemental brief seeking reversal. After having independently reviewed the entire record for error as required by *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *Wende*, and considering the issues raised in Peralta's supplemental brief, we affirm.

II.

FACTUAL AND PROCEDURAL BACKGROUND

In June 2013, the People filed an amended complaint charging Peralta with burglary (§ 459) (count 1), assault by means of force likely to produce great bodily injury

---

1   Unless otherwise specified, all subsequent statutory references are to the Penal Code.

2

(§ 245, subd. (a)(4)) (count 2), false imprisonment by violence menace, fraud, and deceit (§§ 236, 237) (count 3), and harassment by telephone or electronic communication (§ 653m, subd. (a)) (count 4). As to count 1, the People alleged that the burglary was of an inhabited dwelling house (§ 460) and that another person, other than an accomplice, was present in the residence during the commission of the burglary (§ 667.5, subd. (c)(21)).

In August 2013, the People and Peralta entered into a plea agreement. Peralta agreed to plead guilty to count 1 (burglary) (§ 459) and to admit the residential burglary (§ 460) and "hot prowl" allegations (§ 667.5, subd. (c)(21)). The People agreed to dismiss the balance of the charges and also to dismiss another case (CN275102).[2] In addition, the parties agreed that Peralta would be sentenced to two years in state prison. The trial court held a change of plea hearing and accepted Peralta's guilty plea and admissions.[3]

In November 2013, the trial court granted Peralta's request to relieve his counsel and appoint new counsel for the purpose of determining whether to file a motion to withdraw his plea.

---

[2] The probation report indicates Peralta was charged with a single count of battery (§ 242) in CN275102.

[3] At the change of plea hearing, the trial court stated, "[T]he reason you are pleading guilty is . . . you entered a residential building occupied by another person with the intent to commit a felony therein. [¶] Is that what you did, sir?" Peralta responded in the affirmative.

In January 2014, Peralta filed a motion to withdraw his guilty plea. In his brief in support of his motion, Peralta contended that his plea was unlawful because it was entered under duress and was the product of ineffective assistance of counsel. Peralta claimed that his former attorney had pressured him into pleading guilty, failed to perform an adequate investigation of the facts surrounding the charged crimes, and failed to advise him of various consequences of his plea, including that he would be required to serve 85 percent of the imposed sentence in custody and that he was pleading guilty to a strike offense. Peralta lodged his own declaration in support of these contentions.

The People filed an opposition to the motion. In their opposition, the People contended that Peralta had not established that his former counsel had provided ineffective assistance, and noted that Peralta's former counsel would testify at the hearing on the motion to withdraw regarding the investigation that he conducted in the case. The People also argued that Peralta had not established that he pled guilty under duress. The People noted that Peralta had discussed whether to plead guilty with his former counsel, and maintained that the transcript of the plea hearing demonstrated that Peralta pled guilty knowingly and voluntarily. In addition, the People noted that the trial court had specifically informed Peralta at the change of plea hearing that he would be required to serve 85 percent of the imposed sentence.[4]

---

[4] Although not specifically mentioned by the People in their opposition, at the change of plea hearing, the trial court also informed Peralta that he was pleading guilty to a strike offense.

4

The trial court held a hearing on Peralta's motion to withdraw his guilty plea. Peralta and his former counsel both testified concerning the circumstances surrounding Peralta's guilty plea. At the conclusion of the hearing, the trial court denied the motion. The trial court ruled that Peralta's counsel "did not, in any way, provide ineffective assistance," and that Peralta's motion was a "clear example of what we refer to as buyer's remorse."

At the same hearing, the trial court sentenced Peralta to the lower term of two years on count 1 (burglary) (§ 459) in accordance with the plea agreement.

Peralta filed a timely appeal. Together with his notice of appeal, Peralta filed a request for a certificate of probable cause with the trial court. In his request, Peralta indicated that he wished to seek appellate review of the trial court's denial of his motion to withdraw his guilty plea. The trial court granted the certificate of probable cause.

III.

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings in the trial court. Counsel presented no argument for reversal but invited this court to review the record for error in accordance with *Wende, supra,* 25 Cal.3d 436.

After this court received counsel's brief, we gave Peralta an opportunity to file as supplemental brief. Peralta filed a four-page brief in which he listed the following as "possible issues:"

"My attorney failed to investigate the true facts of the case.

5

"My attorney failed to investigate witnesses both for the prosecution and the defense.

"Possible *Brady* [5] non-disclosure violation, with DV Declaration DVN 21511.

"Possible failure to protect my right to due process.

"Allowing me to plead guilty, even when evidence would tend to show otherwise.""

None of these claims supports reversal of the judgment. To begin with, the record on appeal does not support Peralta's contention that his former attorney failed to adequately investigate the case. Peralta's former counsel testified at the hearing on Peralta's motion to withdraw his guilty plea concerning the steps that he took in investigating the case, including interviewing Peralta, reviewing the prosecution's evidence, obtaining information from various witnesses concerning the relationship between Peralta and the victim, and speaking to Peralta's brother, who was with Peralta on the night the charged crimes were alleged to have been committed. Peralta has failed to establish that this was an inadequate investigation.

Peralta also fails to establish that the prosecution committed a *Brady* violation in allegedly failing to disclose a declaration filed by the victim in order to obtain a domestic violence restraining order against Peralta. The record on appeal does not reveal whether the declaration would have been favorable to Peralta, whether it was suppressed, or whether it would have had any effect on this case. Accordingly, Peralta's *Brady* claim

---

5     (*Brady v. Maryland* (1963) 373 U.S. 83.)

fails.  (See *People v. Letner and Tobin* (2010) 50 Cal.4th 99, 176 [" 'There are three components of a true *Brady* violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued.' "].)  Peralta also has not demonstrated that his right to due process was violated in the trial court.

Finally, Peralta has not established that his counsel provided ineffective assistance in permitting him to plead guilty.  At the hearing on Peralta's motion to withdraw his guilty plea, Peralta's former counsel outlined the considerable evidence of Peralta's guilt, including the victim's anticipated testimony, evidence of the victim's injuries, and evidence that Peralta had committed other acts of domestic violence.  In addition, Peralta faced a significant potential prison sentence in the event that he were to be found guilty after a trial.[6]

A review of the record pursuant to *Wende, supra,* 25 Cal.3d 436, and *Anders, supra,* 386 U.S. 738, including the issues raised in Peralta's supplemental brief, has disclosed no reasonably arguable appellate issue.  Peralta has been adequately represented by counsel on this appeal.

---

[6]     The plea agreement states that Peralta faced a potential maximum sentence of six years in prison.

IV.

DISPOSITION

The judgment is affirmed.


                                                    AARON, J.

WE CONCUR:


HALLER, Acting P. J.


O'ROURKE, J.

8